FILED
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

2002 MAR 25  A II: 51

CHARLES H. ROANE                          :

                                          :                    [illegible]

                                          :                    [illegible]

    v.                                    :

                                          : Civil No. CCB-98-3191

                                          :

WASHINGTON COUNTY HOSPITAL,               :
  et. al.                                 :

                                          :

                                          :

                                          :

## MEMORANDUM

Now pending before this court is a Motion To Reopen
Administratively Closed Case filed by plaintiff Charles H. Roane
on July 10, 2001.  This matter has been fully briefed and no
hearing is necessary.  See Local Rule 105.6.

It would be an understatement to say that this case has a
complicated procedural history.  Most of that history is set
forth in Roane v. Washington County Hospital, et al., 769 A.2d
263 (Md.App. 2001), and will only be summarized here.  Roane
first filed a medical malpractice case in this court in April
1996, which was docketed as B-96-1322.  After defendants
Washington County Hospital and Dr. Abdullah moved to dismiss
because the claim had not been submitted to arbitration,
plaintiff voluntarily dismissed that action.  In September 1996
Roane filed his claim in the Maryland Health Claims Arbitration
Office, pursuant to MD.CODE ANN., Cts. & Jud. Pro., § 3-2A-04.

Discovery proceeded for approximately two years, at which point the parties agreed to waive arbitration and litigate the matter in the Circuit Court for Washington County. In September 1998, however, Roane filed in this court a second complaint that mirrored B-96-1322, which was docketed as CCB-98-3191 (the current action). The defendants again moved to dismiss, this time on the grounds that the waiver of arbitration applied only if the case were litigated in state court. I agreed with the defendants and in December 1998 transferred the case to the Circuit Court for Washington County, where it was docketed as Civil Action No. 21-C-98-005882. Apparently, "[t]he parties construed this transfer as a de facto refiling of the suit in State court." Roane, 769 A.2d at 265.

After the transfer, Roane attempted, but failed, to obtain a stay of the state court proceedings. The case then proceeded simultaneously in both federal and state court, with plaintiff appealing this court's ruling to the Fourth Circuit, while answers and substantive motions were filed by the defendants in state court. The Fourth Circuit ruled in September 1999 that the Maryland Health Care Malpractice Claims Act did not allow enforcement of the forum selection clause contained in the waiver of arbitration, upon which the transfer to state court was founded. Accordingly, my order to transfer was vacated, and the case was remanded for further proceedings in U.S. District Court.

2

In November 1999 Roane voluntarily dismissed the second federal complaint, CCB-98-3191, which had been reinstated by the Fourth Circuit's ruling. Apparently, he did so because trial had been scheduled in the Circuit Court for Washington County in June 2000.[1] This voluntary dismissal closed the federal court action.[2] Later in the same month, Washington County Hospital moved to dismiss the state court case on the ground that the two voluntary dismissals in federal court constituted an adjudication on the merits, which operated as res judicata for purposes of the claims pending in state court. The Circuit Court for Washington County did not adopt this argument, but nonetheless dismissed the action in March 2000 and transferred it back to the federal court, holding that the "law of the case" doctrine deprived it of jurisdiction. The Circuit Court reasoned that the Fourth Circuit's September 1999 ruling retroactively deprived it of jurisdiction over any part of the case.

After the Circuit Court for Washington County transferred the case back to this court, CCB-98-3191 was "reopened" and the transferred case was docketed as such. Upon plaintiff's

---

[1] He did not, as he might have, simply request a stay of any federal proceedings.

[2] Roane now disputes whether this dismissal, which I approved, was effected under Fed.R.Civ.P. 41(a)(1)(i) or 41(a)(2). I agree with the Court of Special Appeals that the dismissal was pursuant to 41(a)(1)(i).

3

indication that he would appeal the Circuit Court's ruling, the
federal action was stayed and administratively closed by order
dated April 28, 2000, pending the outcome of the state appeal.
Pursuant to a request from the Clerk of the Circuit Court for
Washington County to transfer the case back to the state system
for purposes of the pending appeal, the case was transferred
again to the state court on July 25, 2000.

On March 29, 2001, the Court of Special Appeals ruled on the
state appeal.  That court affirmed the Circuit Court's dismissal,
but on grounds different from those relied on by the lower court.
Roane, 769 A.2d at 267-69.  The Court of Special Appeals adopted
Washington County Hospital's argument before the Circuit Court
that the second dismissal in federal court constituted an
adjudication on the merits, and the state action was therefore
barred by the doctrine of res judicata.  Id.

Sorting through this complicated history, several points
become apparent.  First, the Fourth Circuit's vacation of this
court's transfer of the case to state court effectively negated
any transfer that had previously occurred.  This result is
consistent with the opinion of the Court of Special Appeals,
which treated the state case as a separately filed action
proceeding parallel to the federal action, and not as a
continuation of the federal action.  Id.  Second, although not
specifically stated by the Court of Special Appeals, its March

4

2001 ruling that the state court action was barred by res
judicata effectively vacated the Circuit Court's order to
transfer the case back to this court.  The Circuit Court's
transfer order was founded on the belief that there had been an
invalid transfer from the federal system to the state system, and
the case must therefore be returned to the federal system.   The
Court of Special Appeals, as discussed above, treated the state
case not as an outgrowth of an invalid transfer, but in effect as
a separately filed state court action.  Therefore, when the Court
of Special Appeals ruled that the state action was barred by the
doctrine of res judicata, this concluded the state case, and
precluded any further transfer.  A fully adjudicated case cannot
thereafter be transferred to another court system.

     Looking then to the stay and administrative closing in this
court that is the subject of plaintiff's motion, it becomes
apparent that the stay and closing only applied to the state case
that was transferred to this court from the state court in April
2000 and then transferred back in July 2000 (Civil Action No. 21-
C-98-005882), and not to the federal action, which had already
been dismissed.  Although the transferred action was docketed in
this court as CCB-98-3161, it was a separate case from the second
federal court complaint that was filed in September 1998 and
dismissed in November 1999.  Because the state case subsequently
was transferred back to the state system and fully disposed of

                              5

there by the Court of Special Appeals, the stay and
administrative closing ceased to have any meaning or effect with
regard to 98-CCB-3161.

Therefore, the pending motion will be denied, because the
transferred state case that was the subject of the order granting
the stay and administrative closing is no longer before this
court.  In the alternative, if this case were reopened, it would
have to be dismissed on the ground of <u>res judicata</u> pursuant to
Fed.R.Civ.P. 41(a)(1).  <u>See</u> <u>Manning v. South Carolina Dept. of</u>
<u>Highway and Public Trans.</u>, 914 F.2d 44, 47 (4th Cir. 1990).[3]

A separate order follows.

$\frac{3}{25}/62$

Date

Catherine C. Blake
United States District Judge

_____

[3] The plaintiff suggests that if the case were reopened, he
would file a Rule 60(b) motion for relief from the November 1999
dismissal.  He does not, however, proffer any viable basis for
this court to grant such a motion.

6